NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANIEL HEUMANN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SELECTIVE INSURANCE COMPANY : <br> OF AMERICA, : <br> : <br> Defendant. : | Civ. No. 05-493 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

    This matter comes before the Court upon the motion of plaintiff Daniel Heumann ("Plaintiff") to strike defendant Selective Insurance Company of America's ("Defendant") Answer and affirmative defenses or, in the alternative, for partial summary judgment and Defendant's motion for partial summary judgment. The Court, having decided the motions based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78, will deny Plaintiff's motion to strike or, in the alternative, for partial summary judgment and grant Defendant's motion for partial summary judgment.

**I. BACKGROUND**

    On or about August 13, 1985, Plaintiff was rendered a paraplegic following an automobile accident in which Plaintiff was a passenger in a vehicle owned by Defendant's policyholder. Plaintiff's claim for benefits was made pursuant to the personal injury protection ("PIP") coverage purchased by Defendant's policyholder. On or about March 26, 1987, Plaintiff,

Defendant, and other parties entered into a stipulated settlement ("Settlement Agreement") surrounding all claims against Defendant and its insureds, including Plaintiff's lifetime entitlement to PIP benefits.

For a period of fifteen years, Defendant paid Plaintiff on claims causally related to the injury.  On or about October 29, 2001, Plaintiff notified Defendant of his desire to acquire a house and receive home modification PIP benefits.  On or about September 5, 2002, Plaintiff notified Defendant that he would be moving into an apartment in Ann Arbor, Michigan, while the modifications were being completed on his home and requested reimbursement for his rent for that period.  On or about June 18, 2003, Plaintiff hosted Defendant's consultant at his home for an evaluation of the modifications.  On or about September 5, 2003, Defendant's consultant issued a report proposing a modification plan with an estimated cost of $256,477.66.  This amount differed from Plaintiff's estimate.  To date, Defendant has not paid any portion of the home modification claim.

On January 24, 2005, Plaintiff filed a six-count Complaint alleging claims of breach of contract with respect to the policy (Count I), outstanding PIP benefits (Count II), breach of contract with respect to the Settlement Agreement (Count III), breach of covenant of utmost fair dealing (Count IV), bad faith (Count V), and intentional infliction of emotional distress (Count VI).  On March 21, 2006, Plaintiff filed the instant motion to strike Defendant's Answer and affirmative defenses or, in the alternative, for partial summary judgment with respect to Counts I-IV.  On March 24, 2006, Defendant filed the instant motion for partial summary judgment with respect to all claims seeking punitive damages or damages for bad faith.

## II. DISCUSSION

    A.  Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

    Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof

on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a

genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

      B. <u>Issues of Fact Preclude Granting Plaintiff's Motion for Partial Summary Judgment</u>

First, the Court finds that Plaintiff's motion to strike Defendant's Answer and affirmative defenses fails to set forth a sufficient basis for the motion under the Federal Rules of Civil Procedure in citing to Rules 8 and 11. (<u>See</u> Pl.'s Br. at 1-3.) However, if the Court were to construe Plaintiff's motion as a proper motion to strike pursuant to Rule 12(f), as Defendant contends, it is untimely. Rule 12(f) permits a motion to strike to be filed within twenty days after service of the pleading, yet Plaintiff's motion was filed on March 21, 2006, nearly one year after Defendant filed its Answer on April 21, 2005. Consequently, Plaintiff's motion to strike is denied.

Plaintiff moved, in the alternative, for partial summary judgment on Counts I-IV of the

genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

    B. Issues of Fact Preclude Granting Plaintiff's Motion for Partial Summary Judgment

First, the Court finds that Plaintiff's motion to strike Defendant's Answer and affirmative defenses fails to set forth a sufficient basis for the motion under the Federal Rules of Civil Procedure in citing to Rules 8 and 11. (See Pl.'s Br. at 1-3.) However, if the Court were to construe Plaintiff's motion as a proper motion to strike pursuant to Rule 12(f), as Defendant contends, it is untimely. Rule 12(f) permits a motion to strike to be filed within twenty days after service of the pleading, yet Plaintiff's motion was filed on March 21, 2006, nearly one year after Defendant filed its Answer on April 21, 2005. Consequently, Plaintiff's motion to strike is denied.

Plaintiff moved, in the alternative, for partial summary judgment on Counts I-IV of the

Complaint. (Pl.'s Br. at 3-10.) First, with respect to Plaintiff's claims under the policy (Count I), Plaintiff asserts that the 1985 policy requires Defendant to pay Plaintiff's benefits in compliance "with the then applicable No-Fault Insurance Law." (Pl.'s Br. at 5.) Similarly, with respect to Plaintiff's claims under the 1987 settlement agreement (Count III), Plaintiff asserts that Defendant is required to make PIP payments "in accordance with the law as it existed in 1985." (Pl.'s Br. at 8.) Defendant challenges Plaintiff's assertions that modifications in New Jersey's insurance laws since those dates have no effect on the action.

To that end, Defendant notes statutory and administrative authority in New Jersey that impose certain conditions upon payments of medical expense benefits by PIP carriers. First, Defendant refers to the statutory and regulatory requirement that PIP carriers must obtain approval from the Unsatisfied Claim and Judgment Fund ("UCJF") before claims are paid and notes the disagreement that occurred with respect to the cost of the home modification. (Def.'s Br. at 7-8; see N.J. Stat. Ann. § 39:6-73.1.) Next, Defendant referred to the regulatory requirements that a PIP carrier record a lien against the modified property, which Plaintiff alleges is inapplicable to his case because it was enacted after the settlement of his personal injury lawsuit. (Def.'s Br. at 8-9; see N.J. Admin. Code § 11:3-28.12(g).)

The 1985 insurance policy has not been made available to the Court and consequently no determination can be made at this point with respect to the applicable law, making summary judgment inappropriate as to Count I. In contrast, the 1987 proceedings related to the Settlement Agreement contain references to the no-fault law in existence in 1985. (Pl.'s Appendix, Exhibit B at 7.) However, the language therein does not explicitly amount to what Plaintiff alleges as Defendant's "promise to follow those laws for the balance of" Plaintiff's life. (Pl.'s Br. at 10.)

Consequently, there is a genuine issue of material fact and summary judgment is denied with respect to Count III.

Plaintiff's argument for summary judgment with respect to his PIP claim (Count II) is explicitly tied to his argument with respect to Count I. (Pl.'s Br. at 7.)  Having denied summary judgment on Count I, the Court must now deny Plaintiff's motion with respect to summary judgment on Count II.  Finally, with respect to Plaintiff's claim of the breach of the covenant of utmost good faith and fair dealing (Count IV), Plaintiff alleges, as he did with respect to each of the prior Counts, that Defendant's consultant's report directed Defendant to pay "an undisputed amount of $256,477.66" for home modification PIP benefits, which Defendant has not done. (Pl.'s Br. at 8-9.)  However, the consultant's report, acquired at the request of the UCJF, in no way "directed" Defendant to pay that amount, instead stating it as an estimate and challenging Plaintiff's assertion that the extent of the requested modifications were necessary.  (See Pl.'s Appendix, Exhibit H at 17-20.)  Consequently, Plaintiff mistakenly characterizes the above figure as undisputed and further provides no basis for compelling immediate payment of that figure.  Furthermore, Defendant's non-payment of the benefits is allegedly due solely to its attempt to comply with the above noted regulatory authority, which Plaintiff claims is inapplicable here.  Therefore, there is a genuine issue of material fact and summary judgment will be denied with respect to Count IV.

As discussed above, the Court disagrees with Plaintiff's assertions that there are no genuine issues of material fact with respect to Counts I-IV and will therefore deny Plaintiff's motion for partial summary judgment.

### C. New Jersey Law Prohibits the Awarding of Punitive Damages and Private Rights of Action for Bad Faith With Respect to Insurance Claims

Defendant moved for partial summary judgment with respect to Plaintiff's claims seeking punitive damages, implicitly addressing Counts V and VI. (Def.'s Br. at 8-22.) Defendant alleges that New Jersey statutory and case law prohibit recovery for punitive damages for wrongful withholding of benefits and that no private right of action exists for claims of bad faith with respect to insurance practices.

A common law cause of action sounding in contract has been recognized by the New Jersey Supreme Court for bad faith failure to pay an insured's claim. Pickett v. Lloyd's, 131 N.J. 457, 470 (1993). There, the Court noted that legislation had been proposed to provide a remedy for the wrong, but had not passed. Id. at 471 (citing A. 1279, 205th Leg., First Annual Sess. (1992)(permitting first-party claim against insurer and contemplating punitive and consequential damages, in addition to recovery of policy benefits)). In fashioning a remedy, the Court therefore limited it to the "familiar principles of contract law" where "a party who breaches a contract is liable for all of the natural and probable consequences of the breach of that contract." Id. at 474 (citation omitted). In so doing, the Court stated, consistent with relevant New Jersey case law, "that absent egregious circumstances, no right to recover for emotional distress or punitive damages exists for an insurer's allegedly wrongful refusal to pay a first-party claim" and "that wrongful failure to pay benefits, [or] wrongful withholding of benefits . . . do[] not thereby give rise to a claim for punitive damages." Id. at 476 (citations omitted).

New Jersey's insurance regulatory scheme, known as the Insurance Trade Practices Act ("ITPA"), N.J. Stat. Ann. §§ 17:29B-1 to -19, was enacted with the stated purpose of

"regulat[ing] trade practices in the business of insurance in accordance with the intent of Congress as expressed in the [McCarran-Ferguson] Act . . . ." N.J. Stat. Ann. § 17:29B-1. The ITPA authorizes the New Jersey Commissioner of Banking and Insurance to enforce the provisions of the statute. See N.J. Stat. Ann. §§ 17:29B-5 to -7. However, the ITPA does not provide for a private right of action or an award of punitive damages.[1]

One of the cases cited in Pickett was Pierzga v. Ohio Cas. Group of Ins. Cos., 208 N.J. Super. 40 (N.J. Super. Ct. App. Div.), certif. denied, 104 N.J. 399 (1986). In Pierzga, the Appellate Division held that the ITPA "applies to wrongs to the public rather than any individual and violations of the [ITPA] do not create individual or private causes of action." Id. at 47 (citations omitted). The court also held that the "exclusive regulatory jurisdiction of insurance companies, at least with respect to the payment of claims, is within the Department of Insurance[,]" and consequently the Consumer Fraud Act ("CFA") could not support plaintiff's claims seeking punitive damages for nonpayment of benefits. Id. at 46-47 (citations omitted). Later, in Lemelledo v. Beneficial Mgmt. Corp. of America, 150 N.J. 255 (1997), the New Jersey Supreme Court recognized the line of lower court decisions, including Pierzga, holding that the

---

[1] N.J. Stat. Ann. § 17:29B-18, entitled "Remedies," permits a person aggrieved by violation of the ITPA, "to file a complaint with the Commissioner of Banking and Insurance." Upon receipt of the complaint, the Commissioner is instructed to investigate the insurer to determine whether the insurer has violated any provision of the ITPA. Id. Thereafter, the Commissioner may:
> (1) order an insurer that is in violation to pay a monetary penalty of $5,000 for each violation;
> (2) order the insurer to make restitution to the aggrieved person; or
> (3) obtain equitable relief in a State or federal court of competent jurisdiction against an insurer, as well as the costs of suit, attorney's fees and expert witness fees.

Id.

payment of insurance benefits was not subject to the CFA, but declined to express an opinion "about the validity of those holdings." Lemelledo, 150 N.J. at 265 n.3.

The Court concludes in accordance with Defendant's assertion that Plaintiff's claim for bad faith (Count V) appears to mimic the list of practices set forth in N.J. Stat. Ann. § 17:29B-4(9). As stated above, there is no private right of action for violations of the ITPA and Defendant's motion for summary judgment must be granted as a matter of law with respect to Count V. Furthermore, as New Jersey law prohibits punitive damages for claims of wrongful withholding of benefits or recovery for emotional distress absent egregious circumstances, and none being found here, Defendant's motion is granted with respect to Count VI.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motion to strike Defendant's Answer and affirmative defenses or, in the alternative, for partial summary judgment is denied and Defendant's motion for partial summary judgment is granted. An appropriate form of order accompanies this Memorandum Opinion.

Dated: August 18, 2006

                                                 s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.